IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| AMBER N. BRYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-cv-05111-MDH |
| | ) |
| COMMUNITY BANK & TRUST, | ) |
| RAY STIPP, and CANDY SHELLEY | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Defendant Community Bank and Trust's Motion to Dismiss Counts III and IV of Plaintiff's Petition for Damages and to Strike Plaintiff's Request for Emotional Distress Damages under the FMLA. (Doc. 3). In response to the motion, Plaintiff filed a First Amended Complaint (Doc. 8) and submitted suggestions in opposition to dismissal (Doc. 9). Defendant thereafter filed reply suggestions in support of its motion to dismiss. (Doc. 16). The Court, after careful consideration of the issues raised and legal arguments provided by the parties, hereby **DENIES** Defendant's Motion to Dismiss and **FINDS AS MOOT** Defendant's Motion to Strike.

## BACKGROUND

On July 24, 2014, Plaintiff commenced the present action in the Circuit Court of Newton County, Missouri. The petition alleges that Defendants engaged in various unlawful employment practices including (I) MHRA gender discrimination, (II) MHRA disability discrimination, (III) FMLA interference, (IV) FMLA retaliation/discrimination, and (V) retaliatory discharge. Plaintiff claims she was criticized for reporting a perceived mortgage fraud committed by a loan officer, that her male supervisors doubled her commission goals to a

1

number much higher than that of her male counterparts, that she was requested and was not provided a loan processer in a timely fashion, that upon requesting FMLA leave Defendant requested that she undergo a second medical certification, that she was terminated while on FMLA medical leave for medically diagnosed stress, anxiety, elevated blood pressure, and panic attacks, and that shortly thereafter her position was filled by a male. Plaintiff sued her employer, Community Bank and Trust, and her supervisors, Ray Stipp and Candy Shelley.

Defendants removed the case to federal court on August 28, 2014 and Defendant Community Bank and Trust filed a motion to dismiss on September 4, 2014. The motion argues three points. First, Defendant argues that Plaintiff failed to plead sufficient facts to support a claim for FMLA interference. Defendant contends that a request for a second medical certification cannot establish a claim for interference and Plaintiff failed to show that she was otherwise denied a benefit to which she was entitled because she was granted leave. Second, Defendant argues that Plaintiff's requests for emotional distress damages under the FMLA should be stricken because such damages are not available under the statute. Finally, Defendant asserts that Plaintiff failed to plead sufficient facts to state a claim for wrongful termination in violation of public policy. Because Plaintiff failed to cite any specific constitutional provision, statute, or rule to support her wrongful termination claim, Defendant argues that Plaintiff's allegations are too vague and fail to state a claim

Within twenty-one days of receiving Defendant's motion to dismiss, Plaintiff filed a first amended complaint and suggestions in opposition to Defendant's motion. In the suggestions, Plaintiff notes that the amended complaint removes her demand for mental and emotional distress damages under the FMLA and further clarifies the allegations made in her initial complaint. In response to Defendant's first argument, Plaintiff argues that she sufficiently pled

2

Case 3:14-cv-05111-MDH   Document 20   Filed 10/17/14   Page 2 of 9

facts to establish an FMLA interference claim because she alleged that she was terminated while on FMLA leave and she was denied the benefit of continued employment. As to Defendant's third argument, Plaintiff counters that Defendant reads Missouri courts' interpretation of public policy too narrowly; instead, Plaintiff states that reporting suspected criminal activity, like mortgage fraud, is sufficient to support a whistleblower claim. Furthermore, Plaintiff argues that it is not necessary to rely on an employer's direct violation of a statute in order to state a claim; rather, Missouri courts require only that the public policy allegedly violated be *reflected* by a statute, regulation, rule, etc. Regardless, Plaintiff contends, the amended petition now cites the federal criminal statutory scheme and banking regulations that prohibit mortgage fraud.

Defendant's response maintains that Plaintiff failed to plead sufficient facts to support her FMLA interference claim and her wrongful termination in violation of public policy claim. As to the FMLA claim, Defendant acknowledges that Plaintiff was terminated during her leave but argues that in order to state a claim she must also show that she was entitled to reinstatement upon conclusion of her leave. As to the wrongful termination claim, Defendant asserts that Plaintiff failed to state a claim because she alleged only internal whistleblowing to the alleged wrongdoer, which case law indicates is insufficient to state a whistleblower claim.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

Case 3:14-cv-05111-MDH   Document 20   Filed 10/17/14   Page 3 of 9

555 (2007).  While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions.  *Ashcroft*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft*, 556 U.S. at 679.  The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

Plaintiff's First Amended Complaint was filed as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.  Upon review, the Court finds that the amended complaint provides "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" as to both Plaintiff's FMLA interference claim and her whistleblower retaliatory discharge claim.  This conclusion is premised upon both legal and factual grounds.

### A.  FMLA Interference

The Family and Medical Leave Act (FMLA) provides that it is "unlawful for any employer to interfere with, restrain, or deny the existence of or the attempt to exercise" rights guaranteed by the statute.  29 U.S.C. § 2615(a)(1).  Examples of unlawful interference may include an employer's refusal to authorize FMLA leave, an employer's actions or practices that discourage employees from using FMLA leave, and/or manipulation by covered employers to avoid responsibilities under the FMLA.  29 C.F.R. § 825.220(b).  As the Eighth Circuit explained, "[w]hen an employer attaches negative consequences to the exercise of protected

4

rights, it has 'chilled' the employee's willingness to exercise those rights because he or she does not want to be fired or disciplined for doing so." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

"To state a claim for FMLA interference, a plaintiff must plead facts sufficient to show: "(1) she was an eligible employee, (2) the defendant was plaintiff's employer, (3) she was entitled to leave under the FMLA, (4) she gave the defendant notice of her intent to take such leave, and (5) the defendant denied plaintiff an FMLA benefit to which she was entitled." *Walker v. Trinity Indus., Inc.*, No. 1:11CV93 SNLJ, 2012 WL 1858935 (E.D. Mo. May 22, 2012) *aff'd sub nom. Walker v. Trinity Marine Products, Inc.*, 721 F.3d 542 (8th Cir. 2013) *cert. denied*, 134 S. Ct. 1293 (2014). In the present case, Defendant takes issue with only the fifth element – whether Plaintiff was denied a benefit to which she was entitled.

The Eighth Circuit has consistently held that "every discharge of an employee while she is taking FMLA leave interferes with an employee's FMLA rights*." See e.g., Bacon v. Hennepin Cnty. Med. Ctr.*, 550 F.3d 711, 715 (8th Cir. 2008); *Phillips v. Mathews,* 547 F.3d 905, 911 (8th Cir. 2008); *Stallings*, 447 F.3d at 1050-51; *Throneberry v. McGehee Desha Cnty. Hosp.*, 403 F.3d 972, 980 (8th Cir. 2005). Under the FMLA, an employee is generally entitled to be restored to the position she occupied before she took leave, assuming the employee would have been entitled to that position had she not taken leave. *See* 29 U.S.C. § 2614(a). Thus, where an employer terminates an employee while on FMLA leave, courts assume the employee was denied a benefit to which she was entitled. *See Bacon*, 550 F.3d at 715; *Phillips*, 547 F.3d at 911. The employer can avoid liability for such interference, however, if it shows that the dismissal was not sufficiently related to the employee's FMLA leave. *Id.*; *see also Stallings*, 447 F.3d at 1051; *Throneberry*, 403 F.3d at 978-80. The burden is on the employer to prove "it

5

would have made the same decision had the employee not exercised the employee's FMLA rights." *Estrada v. Cypress Semiconductor (Minnesota) Inc.*, 616 F.3d 866, 871 (8th Cir. 2010); *Throneberry*, 403 F.3d at 979; *see also* 29 C.F.R. § 825.216.

Under such precedent, it is clear that Plaintiff pled sufficient facts to show she was denied a benefit to which she was entitled. Plaintiff was terminated while on FMLA leave and was therefore denied FMLA benefits to which she was entitled. *See Harlston v. Metro. St. Louis Psychiatric Ctr.*, No. 4:13 CV 1489 DDN, 2013 WL 5671344 (E.D. Mo. Oct. 17, 2013) (holding complaint stated interference claim where it alleged that employer terminated plaintiff during his FMLA leave); *Horton v. Channel*, No. 4:11CV00911 JMM, 2012 WL 3025154 (E.D. Ark. July 24, 2012) (holding plaintiff alleged sufficient facts to state interference claim where the amended complaint stated she was terminated on day she returned to work from FMLA leave).

Defendant's contention that "Plaintiff fails to plead facts demonstrating she was, in fact, entitled to be reinstated upon conclusion of her FMLA leave" misstates the appropriate burden of proof. The relevant regulations and case law very clearly indicate that the burden to show an employee discharged while on FMLA leave was discharged for a reason unrelated to FMLA, or in other words that the employee was *not* otherwise entitled to reinstatement, is on the employer. Furthermore, the facts pleaded in the present case are especially indicative of interference because the Plaintiff was allegedly advised of her termination on the same day she was granted FMLA leave. It is not difficult, therefore, to conclude that the Defendant employer "attache[d] negative consequences to the exercise of protected rights." Accordingly, viewing the evidence in the light most favorable to Plaintiff, the complaint states a claim for FMLA interference.

## B. Retaliatory Discharge (Whistleblowing)

Missouri courts created an exception to the general rule of at will employment where a plaintiff is terminated in violation of public policy. *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. 2010). The public policy exception provides that:

> An employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities.

*Id.* Where an employee is terminated for either of the above reasons, the employee has a tort cause of action for wrongful discharge in violation of public policy. *Id.*

A whistleblower cause of action is appropriate where the employee "reported to superiors or to public authorities serious misconduct that constitutes a violation of the law and of . . . well established and clearly mandated public policy." *Margiotta v. Christian Hosp. Ne. Nw.*, 315 S.W.3d 342, 347 (Mo. 2010). To state a claim, the plaintiff must allege: "(1) that the employer's conduct violated a law, regulation, or some other clear statement of public policy; (2) that the plaintiff 'blew the whistle' by reporting this violation to a superior, decisionmaker, or public authorities; and (3) that the reporting was a 'contributing factor' to the employer's decision to end the plaintiff's employment." *McNerney v. Lockheed Martin Operations Support, Inc.*, No. 10-0704-CV-W-DGK, 2012 WL 2131826 (W.D. Mo. June 12, 2012) (applying Missouri law) (internal quotations omitted). The term "public policy" includes the language used in statutes, regulations, rules, etc. and the policies reflected by such language. *Fleshner*, 304 S.W.3d at 96.

In the present case, Defendant argues that Plaintiff failed to state a cause of action for wrongful discharge in violation of public policy because: (1) Plaintiff failed to cite any specific constitutional provision, statute, regulation, etc. such that the alleged wrongdoing was too vague,

7

and (2) Plaintiff only "blew the whistle" internally and to the alleged wrongdoers. While Defendant's first argument has merit, *see Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 855 (8th Cir. 2012) *cert. dismissed*, 133 S. Ct. 1491 (U.S. 2013), Plaintiff timely filed her First Amended Complaint that added citations to specific statutes, including 18 U.S.C. § 1014 and the Dodd-Frank Mortgage Reform Act. Those legal provisions clearly espouse a public policy to eliminate fraud in the context of mortgage loan applications. The statutes cited, in addition to Plaintiff's allegations that she believed a loan officer encouraged a mortgage loan borrower to misrepresent his income, sufficiently identify the public policy allegedly violated.

Defendant next argues that "[i]f Plaintiff in fact believes that Defendant CBT, as an entity, was committing mortgage fraud, her general allegation that she reported the wrongdoing to CBT itself is not sufficient to state a claim for wrongful termination in violation of public policy." Def.'s Reply Sugg. in Supp. Dismiss. 3. The Court agrees that if Plaintiff reports the employer-company's alleged wrongdoing only internally to her employer, then Plaintiff insufficiently states a whistleblower claim. *See Drummond v. Land Learning Found.*, 358 S.W.3d 167, 171 (Mo. Ct. App. 2011) ("Internal reporting to superiors of illegal actions by other employees can constitute protected activity. However, a report of wrongdoing to the wrongdoer is insufficient to invoke the whistleblowing public policy exception. Reporting to the wrongdoer does not expose the wrongdoer or his wrongdoing and, thus, does not further the accepted clear mandate of public policy." (internal citations and quotations omitted)).

However, reading the complaint "as a whole rather than analyzing each allegation in isolation" and accepting the Plaintiff's factual allegations as true, the Court finds that the amended complaint adequately states a whistleblower claim. The Court notes that the amended complaint alleges that Plaintiff believed both the loan officer's actions amounted to mortgage

fraud and that Defendant Community Bank and Trust violated banking regulations by not reporting such activity. Pl.'s Am. Pet. 7. However, Count V alleges only that she believed "CBT's actions" were illegal and that she made good-faith reports that Defendant "CBT" committed mortgage fraud. *Id.* at 17. Plaintiff then asserts that through her "good-faith reports to CBT management, who had the authority to prevent approval and/or furtherance of the loan" she reported to a person with authority to address "Defendant CBT's activities." *Id.* at 17-18. Plaintiff's allegations that she reported the loan officer's alleged wrongdoing to her two superiors are sufficient to survive a motion to dismiss. Termination resulting from such whistleblowing is actionable. *See Drummond, supra*.

## DECISION

In sum, the Plaintiff's First Amended Complaint states a claim for both FMLA interference (Count III) and retaliatory discharge in violation of public policy (Count V). The amended complaint no longer asserts Plaintiff's previous request for emotional distress damages under the FMLA. Thus, Defendant's request to dismiss certain claims is denied and Defendant's request to strike certain relief is denied as moot. Accordingly, the Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Petition for Damages and to Strike Plaintiff's Request for Emotional Distress Damages under the FMLA (Doc. 3) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 17, 2014

                                       */s/ Douglas Harpool*
                                       DOUGLAS HARPOOL
                                       UNITED STATES DISTRICT JUDGE